UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                               :
TIMOTHY JACKSON,               :
                               :
        Petitioner,            :      Civ. No. 17-1992 (NLH)
                               :
     v.                        :      MEMORANDUM OPINION
                               :
UNITED STATES OF AMERICA,      :
                               :
        Respondent.            :
_____:
```

IT APPEARING THAT:

1.  Petitioner Timothy Jackson ("Petitioner") has filed a
Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §
2241 before this Court. (ECF No. 1.)

2.  Petitioner only states that he is "requesting
disposition of Federal warrant lodged against [him] in the
above-referenced matter . . . .Please understand that this
detainer is inhibiting [him] from receiving a lower custody
status that would allow [him] access to programs necessary to
[his] rehabilitation." (Id.)

3.  Petitioner attaches a copy of the detainer to his
Petition, which was issued by the United States Marshals
Service, based on an arrest warrant from the Southern District
of New York, for violation of supervised release.  (Id.)

4.  Pursuant to Rule 2(c) of the Rules Governing Section 2254

Cases, applicable to § 2241 cases through Rule 1(b), "[t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground…." Here, Petitioner has failed to specify his grounds for relief and state the facts supporting said grounds. While he requests "disposition" of the warrant, it is unclear precisely what action Petitioner is seeking from this Court. As such, the Court will require Petitioner to submit an amended petition which complies with Rule 2(c).

5. If Petitioner elects to submit an amended petition, he must also meet the filing fee requirement. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the

petitioner shall not be considered eligible to proceed *in forma pauperis*. L. Cɪᴠ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed *in forma pauperis*.

6. In light of the foregoing, the Court will administratively terminate this matter.[1] If Petitioner wishes to re-open the instant matter, he must submit: (1) an amended petition which clearly outlines his grounds for relief and the facts supporting said grounds; **AND** (2) either a complete application to proceed *in forma pauperis* or the $5 filing fee.

7. An appropriate order follows.

Dated: July 13, 2017            s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar *if* it was originally submitted timely. *See* Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).